DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SHIROKIA DEVELOPMENT LLC,

                     Debtor.

Chapter 11

Case No. 16-45568 (nhl)

-----------------------------------------------------------X

**DECLARATION OF HONG QIN JIANG
PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

HONG QIN JIANG, declares under penalties of perjury:

1.      I am the sole member of Shirokia Mezz I LLC ("Shirokia Mezz"), which is the sole member of the above-referenced debtor and debtor-in-possession (the "Debtor" or "Shirokia Development")). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

2.      I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

**BACKGROUND**

3.      Debtor is the owner, sponsor and selling agent for a building known as Shirokia Tower (the "Property"), located at 142-28 38th Avenue, Flushing, NY 11354, consisting of 23 non-regulated residential units, 4 commercial units and 47 parking spaces.

4.      The Debtor intends to market and sell the Property. The Debtor believes there is ample equity in the Property to pay all of the Debtor's creditors in full, to pay all of Shirokia

Mezz's creditors in full, and provide a substantial distribution to me as the sole member of Shirokia Mezz.

5.      The Debtor previously filed a voluntary Chapter 11 case, *In re Shiokia Development LLC*, EDNY Chapter 11 Case No. 14-44373 (NHL).  Prior to the filing of that case, my husband and I worked very hard to construct the Property. We were working to finalize the residential units and had submitted paperwork to the NYS Attorney General's Office seeking approvals as a Condominium. building.  However, in the downturn in the economy the Debtor fell into arrears on its mortgage with Cathay Bank.  Cathay Bank commenced a foreclosure action and a receiver appointed.  In April 2015, the Debtor successfully refinanced its mortgage and I was allowed back into the Property.  Unfortunately, what I discovered was that during the receivership period it appears the receiver's managing agent allowed or caused a great deal of damage to the Property (kitchen cabinets and appliances disappeared, equipment for an entire grocery store disappeared) and appears to have collected a vast amount of rent in cash from tenants without delivering same to the receiver.

6.      In December 2015, the chapter 11 case was closed.  Shortly thereafter, the Debtor refinanced again, obtaining a loan with more reasonable rates.   In that refinance, the Debtor obtained a mortgage loan (the "Mortgage Loan") in the amount of $18,000,000from W Financial Fund L.P ("W Financial").

7.      My membership interest in the Debtor was transferred to a newly created entity, Shirokia Mezz, of which I am the sole member.  Shirokia Mezz obtained a mezzanine loan (the "Mezzanine Loan") in the amount of $2,000,000 from 38th Avenue Mezz LLC ("38th Avenue Mezz"), an entity unrelated to W Financial.

8.      Major repairs were done to the Property, including restoration of the residential units, preparation of the commercial units for rental, obtaining tenants for the commercial units

and again preparing the appropriate paperwork for the NYS Attorney General's office seenign

approval of the Property as a Condominium building.  This substantially increased the value of

the Property and its attractiveness as a good investment to the open market.

9.      Almost immediately after the transaction, the Debtor and Shirokia Mezz were

alleged to be in default.  In an attempt to address the alleged defaults, in July 2016 a pay-off

quote was requested.  In response, the Debtor and Shirokia Mezz received a pay-off letter that

lumped together the principal, interest and other charges related to the Mortgage Loan and the

Mezz Loan.  There was no way for Shirokia Mezz to pay off the Mezz Loan because it was

impossible to discern from the pay-off letter what alleged charges related to the Mezz Loan.

Likewise, the amounts due solely on the Mortgage Loan could not be determined from the pay-

off letter.

10.      Only one day later, 38th Avenue Mezz served Shirokia Mezz with a Notice of Sale

of Pledged Membership Interests.   In response, on August 16, 2016, Shirokia Mezz filed a

chapter 11 case, *In re Shirokia Mezz LLC*, EDNY Chapter 11 Case No. 16-43666 (nhl).  In that

case, my affiliate companies and friends escrowed substantially all funds required to pay-off the

$2,000,000 principal of the Mezz Loan.   38th Avenue Mezz asserts the Mezz Loan cannot be

paid without also paying the Debtor's obligations under the Mortgage Loan.  Shirokia Mezz

strongly disputes that position.  The matter has been briefed and submitted to the Court for

determination.

11.      With the filing of the Shirokia Mezz chapter 11, I experienced renewed interest

from parties who are interested in purchasing the Property.  While the initial intention of filing a

chapter 11 case for Shirokia Mezz was to protect the status quo while seeking a refinance, in

light of the level of interest in the Property I have determined that the best course of action may

be to sell the Property.  I intend to pursue both options - a refinance or sale within six (6) months.

12.     By this Chapter 11 filing, the Debtor intends to sell the Property for in an amount sufficient to pay all creditors of the Debtor, all creditors of Shirokia Mezz, and a substantial return is expected for the member of Shirokia Mezz..

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2

13.     In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-4(a)(i)**

14.     The Debtor is not a small business debtor within the meaning of 11 U.S.C. §101(51D).

**Local Rule 1007-4(a)(ii)**

15.     The Debtor is a New York limited liability company that was formed on or about October 5, 2004.   The Debtor owns and operations the real property known as Shirokia Tower located at 142-28 38th Avenue, Flushing, NY 11354 (the "Property"), consisting of 23 residential units, 4 commercial units and 47 parking spaces.

16.     The Debtor is also a single asset real estate debtor as that term is defined in 11 U.S.C. §101(51B).

**Local Rule 1007-4(a)(iii) and (iv)**

17.     This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

**Local Rule 1007-4(a)(v)**

18.     A list of the Debtor's largest general unsecured creditors is annexed as **Exhibit A**.

**Local Rule 1007-4(a)(vi)**

19.    The Debtor has one secured creditor, W Financial Fund L.P.

**Local Rule 1007-4(a)(vii)**

20.    A summary of the Debtor's assets and liabilities will be provided.

**Local Rule 1007-4(a)(viii)**

21.    There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(ix)**

22.    None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

**Local Rule 1007-4(a)(x) and (xi)**

23.    The Debtor operates its business from the Property.

**Local Rule 1007-4(a)(xii)**

24.    The Debtor is a party to the following pending litigation:

W Financial Fund L.P. v. Shirokia Development LLC, et al., Supreme Court, Queens Co. Index No. 703179/2016 (foreclosure)

ALM Financial Group, Inc. v. Shirokia Development LLC, et al., Supreme Court, Queens Co., Index No. 707818/2015 (alleged broker commission)

Ai Yeuh Chang v. Shirokia Development LLC, et al., Supreme Court, Queens Co., Index No. 701520/2012 (alleged personal injury)

**Local Rule 1007-4(a)(xiii)**

25.    The Debtor's senior management consists Shirokia Mezz I LLC.

**Local Rule 1007-4(a)(xiv) and (xv)**

26.    The Debtor's estimated payroll to employees for the thirty (30) day period following the Chapter 11 petition is $2,500.00.

27.    The Debtor's estimated payroll to officers and directors for the thirty (30) day period following the Chapter 11 petition is $0.00.

**Local Rule 1007-4(xvi)**

28.      A 30-day budget will be provided.

29.      Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the

foregoing is true and correct.

Dated:  Flushing, New York
        December 5, 2016

*/s/ Hong Qin Jiang*
HONG QIN JIANG