**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
(212) 752-8000
(212) 752-8393 Facsimile
Leo V. Leyva
James T. Kim
Michael R. Yellin
*Attorneys for W Financial Fund LP*

**Hearing Date and Time:**
**January 26, 2017, at 10:30 a.m.**
**Objection Deadline:**
**January 19, 2017, at 10:30 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SHIROKIA DEVELOPMENT, LLC, | Case No. 16-45568 (NLH) |
| Debtor.[1] | |

**MOTION OF W FINANCIAL FUND LP FOR ENTRY OF AN ORDER: (A) APPOINTING A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. 1104(a); (B) DIRECTING MORTGAGE DEBTOR TO DEPOSIT ALL RENTS GENERATED FROM THE PROPERTY, WHICH RENTS CONSTITUTE W FINANCIAL FUND LP'S CASH COLLATERAL, INTO A SEGREGATED ACCOUNT; AND (C) DIRECTING MORTGAGE DEBTOR TO PROVIDE AN ACCOUNTING OF RENTS GENERATED TO DATE**

Of Counsel and on the Brief:
    Leo V. Leyva
    James T. Kim
    Michael R. Yellin

---

[1] The last four digits of Debtor's federal tax identification numbers are 8971.

56075/0001-13931807v2
December 23, 2016

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii
PRELIMINARY STATEMENT .............................................................................................1
STATEMENT OF FACTS .....................................................................................................3
LEGAL ARGUMENT ............................................................................................................4
    I.   A CHAPTER 11 TRUSTEE SHOULD BE APPOINTED TO MANAGE
        MORTGAGE DEBTOR'S AFFAIRS. ........................................................................4
        A.   MORTGAGE DEBTOR'S GROSS MISMANAGEMENT
             OF THE PROPERTY AND MISAPPROPRIATION OF
             RENTAL REVENUES ESTABLISH A NEED FOR THE
             APPOINTMENT OF A TRUSTEE. ............................................................5
        B.   THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IS
             IN THE BEST INTERESTS OF ALL CREDITORS,
             EQUITY SECURITY HOLDERS, AND OTHER
             PARTIES IN INTEREST. ...........................................................................7
    II.  MORTGAGE DEBTOR SHOULD BE DIRECTED TO: (I) DEPOSIT
        ALL RENTS GENERATED FROM THE PROPERTY, WHICH
        RENTS CONSTITUTE W FINANCIAL'S CASH COLLATERAL,
        INTO A SEGREGATED ACCOUNT; AND (II) PROVIDE AN
        ACCOUNTING OF ALL RENTS GENERATED TO DATE. ....................................9
CONCLUSION .....................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

641 Ave. of Americas Ltd. P'ship v. 641 Assocs., Ltd., 189 B.R. 583 (S.D.N.Y. 1995) ................................................................................................................... 10

In re The 1031 Tax Grp., LLC, 374 B.R. 78 (Bankr. S.D.N.Y. 2007) .................................. 5, 8, 9

In re Ashley River Consulting, LLC, No. 14-13406 (MG), 2015 WL 1540941 (Bankr. S.D.N.Y. Mar. 31, 2015) ............................................................................ 5

In re Bonded Mailings, Inc., 20 B.R. 781 (Bankr. E.D.N.Y. 1982) ................................................ 4

In re Colby Const. Corp., 51 B.R. 113 (Bankr. S.D.N.Y. 1985) ................................................ 5, 6

In re Deena Packaging Indust., Inc., 29 B.R. 705 (Bankr. S.D.N.Y. 1983) ................................... 5

In re Eurospark Indus., Inc., 424 B.R. 621 (Bankr. E.D.N.Y. 2010) ...................................... 7, 8, 9

In re V. Savino Oil & Heating Co., Inc., 99 B.R. 518 (Bankr. E.D.N.Y. 1989) ...................... 4, 7, 8

In re Vienna Park Properties, 976 F.2d 106 (2d Cir. 1992) ............................................................ 10

L. S. Good & Co., 8 B.R. 312 (Bankr. N.D.W.V. 1980) ................................................................. 9

Morningstar Marketplace, 544 B.R. 297 (Bankr. M.D. Pa. 2016) .................................................. 5

S. Side House, LLC, 474 B.R. 391 (Bankr. E.D.N.Y. 2012) ......................................................... 10

Taub v. Taub (In re Taub), 427 B.R. 208 (Bankr. E.D.N.Y. 2010), aff'd, Case No. 08-44210, 2011 WL 1322390 (E.D.N.Y. Mar. 31, 2011) ......................................... 8

**STATUTES**

11 U.S.C. § 363 ............................................................................................................................. 10

11 U.S.C. § 552 ............................................................................................................................. 10

11 U.S.C. § 1104 .................................................................................................................... *passim*

# PRELIMINARY STATEMENT[2]

Shirokia Development, LLC ("**Mortgage Debtor**") commenced this chapter 11 case on the eve of a state court-appointed receiver taking control of Mortgage Debtor's sole asset—certain real property located at 142-28 38th Avenue, Flushing, New York (the "**Property**"). It is readily apparent that Mortgage Debtor filed this bankruptcy in order to prevent the receiver from taking control of the Property so that it could continue to collect rents from unauthorized tenants without the oversight of an independent fiduciary. The appointment of a chapter 11 trustee is necessary to stop Mortgage Debtor's gross mismanagement of the Property and misappropriation of the Property's rental revenue.

In an affidavit filed in connection with a state court foreclosure action, Mortgage Debtor admitted, under oath, that it has been improperly renting units at the Property, in contravention of the Mortgage Loan Documents, for well over a year. Yet despite collecting rental income from three commercial tenants and multiple residential tenants, Mortgage Debtor has not made a single debt service payment since closing on the Mortgage Loan from W Financial Fund LP ("**W Financial**"). Moreover, Mortgage Debtor falsely avers to this Court in its Statement of Financial Affairs that its gross revenue is "$0.00." This of course raises the question: where is the rental income going?

Although Mortgage Debtor is the only entity that can answer that question, what can be confirmed is that notwithstanding the fact that Mortgage Debtor was prohibited from renting units without W Financial's permission, and notwithstanding the existence of an absolute assignment of rents in favor of W Financial, Mortgage Debtor has not turned any rents over to W Financial and has not otherwise accounted for same. All the while, Mortgage Debtor has

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the accompanying Declaration of David Heiden.

persisted with its blatant failure to follow through with its stated intention of having the Property recognized as a condominium by the New York Attorney General's Office, which would allow sales of the units to take place. In fact, upon information and belief, the Attorney General's Office has indicated that it will not approve the condominium units to be sold as such.

In light of the foregoing, the appointment of a chapter 11 trustee is necessary to take immediate control of the Property and, among other things, review the leases in effect, obtain an accounting of the monies collected, and begin collecting rents directly. Once the trustee understands the scope and nature of the tenancies at the Property and has accounted for all rental income, a proper and orderly sale of the Property can be completed. Pending that sale, it is critical for the protection of the bankruptcy estate and Mortgage Debtor's creditors that Mortgage Debtor and its principal not be afforded any further opportunity to mismanage the Property and misappropriate its rental revenue.

At this juncture, the only way to protect Mortgage Debtor's estate is through the appointment of a chapter 11 trustee. Accordingly, W Financial respectfully moves this Court for entry of an Order: (A) appointing a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a); (B) directing Mortgage Debtor to deposit all rents generated from the Property, which rents constitute W Financial's cash collateral, in segregated account; and (C) directing Mortgage Debtor to provide an accounting of rents generated to date.

## STATEMENT OF FACTS

The relevant facts are set forth in the accompanying Declaration of David Heiden. For the sake of brevity, those facts will not be repeated below, but are incorporated herein by reference.

56075/0001-13931807v2
December 23, 2016

# LEGAL ARGUMENT

## I. A CHAPTER 11 TRUSTEE SHOULD BE APPOINTED TO MANAGE MORTGAGE DEBTOR'S AFFAIRS.

For well over a year now, Mortgage Debtor has grossly mismanaged the Property by improperly leasing units, misappropriating rental revenue, and failing to take any action to obtain the necessary approvals to convert the Property into a condominium. Such misconduct unquestionably establishes the need for the appointment of a trustee to oversee the management and sale of the Property pursuant to 11 U.S.C. § 1104.

Section 1104 of the Bankruptcy Code provides:

> (a) [a]t any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court **shall** order the appointment of a trustee―
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

11 U.S.C. 1104(a) (emphasis added).

If <u>either</u> basis for the appointment of a trustee is established, the Court has no discretion; it must appoint an independent trustee to oversee Mortgage Debtor's bankruptcy. <u>In re V. Savino Oil & Heating Co., Inc.</u>, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) (emphasis added) (citations omitted) ("Once the court has found that cause exists under § 1104(a)(1)[,] there is no discretion; an independent trustee <u>must</u> be appointed."); <u>In re Bonded Mailings, Inc.</u>, 20 B.R. 781, 786 (Bankr. E.D.N.Y. 1982) (emphasis added) (stating that "the Code specifies those circumstances in which the Court <u>shall</u> appoint a trustee" under both Section 1104(a)(1) and (2)).

4

In this case, both alternatives can be established by clear and convincing evidence. Accordingly, this Court must appoint a trustee pursuant to 11 U.S.C. § 1104(a). These alternatives are addressed in turn.

### A. Mortgage Debtor's Gross Mismanagement of the Property and Misappropriation of Rental Revenues Establish a Need for the Appointment of a Trustee.

Section 1104(a)(1) is designed to combat certain conduct, including dishonesty, fraud, and gross mismanagement, by a debtor-in-possession. 11 U.S.C. 1104(a)(1); see also In re Deena Packaging Indust., Inc., 29 B.R. 705, 707 (Bankr. S.D.N.Y. 1983). In applying Section 1104(a)(1), a court has "wide latitude in determining whether the challenged conduct rises to the level of 'cause.'" In re The 1031 Tax Grp., LLC, 374 B.R. 78, 86 (Bankr. S.D.N.Y. 2007) (citations omitted); Morningstar Marketplace, 544 B.R. 297, 303 (Bankr. M.D. Pa. 2016) ("Whether 'cause' exists for appointment of a trustee is not limited to the enumerated grounds set forth in § 1104(a), but extends to other occurrences."). In that regard, while the "factors used to determine gross mismanagement vary depending on the facts of the case," such factors will often include, as in this case, "elements that hint at fraud, in addition to negligence." Morningstar Marketplace, 544 B.R. at 304 (citations omitted).

Mortgage Debtor's dishonesty, gross mismanagement of the Property, and misappropriation of rental revenues unquestionably constitute "cause" as contemplated by Section 1104(a)(1). In re Ashley River Consulting, LLC, No. 14-13406 (MG), 2015 WL 1540941, at *9 (Bankr. S.D.N.Y. Mar. 31, 2015) (citations omitted) (providing that "misuse of assets and funds" constitutes "cause" under Section 1104(a)(1)); In re Colby Const. Corp., 51 B.R. 113, 117 (Bankr. S.D.N.Y. 1985). In Colby Construction, for example, the court found that where a debtor failed to account for payments it received in connection with work performed by subcontractors, as required by New York law, the debtor's "presumed misuse of trust funds,

5

constitute[d] at least gross mismanagement as defined by § 1104(a)(1) if not actual fraud." Colby Const. Corp., 51 B.R. at 117.

Like the debtor in Colby Construction, Mortgage Debtor has misappropriated rental revenues that properly belong to W Financial. In spite of the fact that Mortgage Debtor has admitted that it has been receiving rents in connection with the Property for well over a year, Mortgage Debtor has not made a single payment under the Mortgage Loan Documents since the inception of the Mortgage Loan in December of 2015. Mortgage Debtor's Schedules indicate that it has only $3,000.00 cash on hand. This is a shockingly low number in light of Mortgage Debtor's failure to make a single (or even partial) debt service payment. Either Mortgage Debtor is grossly mismanaging the rental revenues or it is misappropriating same. In either case, sufficient cause exists to appoint a trustee.

Making matters worse, depending on the context of its remarks, Mortgage Debtor has repeatedly changed its story (under oath) regarding the tenants at the Property so as to benefit itself. On the one hand, in the context of the Foreclosure Action, Mortgage Debtor submitted an affidavit providing that there are three (3) commercial leases and that "of the twenty-three (23) residential units at the Property, **some of those residential units are currently occupied by tenants**, some of whom pay rent to [Mortgage Debtor] pursuant to written and oral leases (depending on the unit), and all of whom are individuals who reside in certain of the residential units at the Property." Mortgage Debtor also submitted a separate affidavit from one of its tenants confirming his residency at the Property since June 3, 2015. At that time, it was in Mortgage Debtor's best interest to demonstrate that it there were tenants in the Property to substantiate an argument about the proper notices of the foreclosure action being provided to the tenants.

In contrast, Mortgage Debtor's Schedules and SOFA, filed with this Court on December 9, 2016, reflect that there are only three (3) commercial leases at the property and no residential leases. Moreover, despite confirming the existence of three commercial tenants, Mortgage Debtor's SOFA indicates that Mortgage Debtor has gross revenue of "$0.00." These latest averments were presumably made to support Mortgage Debtor's bankruptcy interests by shielding assets from Mortgage Debtor's creditors. Regardless of the motivations behind these conflicting accounts, however, Mortgage Debtor's diversion of estate assets and apparent attempts to conceal same clearly constitute dishonesty and gross mismanagement such that a trustee must be appointed to safeguard Mortgage Debtor's estate.

### B. The Appointment of a Chapter 11 Trustee Is in the Best Interests of All Creditors, Equity Security Holders, and Other Parties in Interest.

While Mortgage Debtor's gross mismanagement and dishonesty alone are sufficient to require the appointment of a trustee, pursuant to Section 1104(a)(2) "[i]t is not necessary to find fault on the part of the debtor before appointing a chapter 11 trustee." In re Eurospark Indus., Inc., 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010) (citations omitted); Savino, 99 B.R. at 525 (citations omitted) (stating that Section 1104(a)(2) "may well[] entail the exercise of a spectrum of discretionary powers and equitable considerations, including a cost-benefit analysis, to determine whether the appointment of a reorganization trustee would be in the interests of creditors, equity security holders and other interests of the estate"). Even if cause cannot established under Section 1104(a)(1), a trustee must still be appointed if such an appointment is in the interest of creditors, some group of equity security holders, and other interests of the estate pursuant to Section 1104(a)(2). Courts contemplating the appointment of a trustee under Section 1104(a)(2) consider the following factors:

> (i) the trustworthiness of the debtor;
> (ii) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation;
> (iii) the confidence—or lack thereof—of the business community and of creditors in present management; and
> (iv) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

Eurospark Indus., 424 B.R. at 627 (citations omitted); Savino, 99 B.R. at 527 n.11 (citations and internal marks omitted) ("We would only note that the factors constituting a basis for appointing a trustee under § 1104(a)(2) are amorphous, diverse, and necessarily involve a great deal of judicial discretion. In essence, however, it seems that § 1104(a)(2) reflects the practical reality that a trustee is needed.").

Applying these factors, courts have found, for example, that a chapter 11 trustee is appropriate where the creditors with the greatest economic stake in the debtor's bankruptcy lack trust and confidence in the debtor's ability to manage its case and perform its fiduciary duties. Eurospark Indus., 424 B.R. at 630; 1031 Tax Grp., 374 B.R. at 91 (citations omitted) (stating that creditors' "well-founded distrust [of] and [] lack of confidence in the Debtors . . . standing alone, would point to the appointment of a chapter 11 trustee"). Similarly, the appointment of a chapter 11 trustee is appropriate where "a debtor's failure to move a case forward in the direction of a successful reorganization has caused the creditors to lose confidence that reorganization is, in fact, possible with current management at the helm." Taub v. Taub (In re Taub), 427 B.R. 208, 228 (Bankr. E.D.N.Y. 2010), aff'd, Case No. 08-44210, 2011 WL 1322390 (E.D.N.Y. Mar. 31, 2011) (citations omitted). A chapter 11 trustee is also necessary where the self-interestedness of the debtor's management constitutes a conflict of interest that would "interfere[] with its ability to fulfill its fiduciary duties to the estate." Eurospark Indus., 424 B.R. at 629 (citations omitted).

As set forth above, as a result of Mortgage Debtor's blatant and boldfaced dishonesty and deception, W Financial, the creditor with the greatest economic stake in Mortgage Debtor's

8

bankruptcy, and Mortgage Debtor's other creditors have good reason to lack trust and confidence in Mortgage Debtor's ability to operate the company, fulfill its fiduciary duties to creditors, and guide its bankruptcy to a successful resolution. Eurospark Indus., 424 B.R. at 630, 632. The overwhelming evidence makes clear that Mortgage Debtor's management cannot be trusted to operate Mortgage Debtor, thus necessitating the appointment of a trustee. See 1031 Tax Grp., 374 B.R. at 91 (creditors' lack of trust and confidence alone is grounds for the appointment of a chapter 11 trustee). Furthermore, Mortgage Debtor's repeated unsuccessful efforts to refinance its obligations pre-petition and the lack of progress in Mezzanine Debtor's bankruptcy make the prospect of a successful rehabilitation remote. L. S. Good & Co., 8 B.R. 312, 314-15 (Bankr. N.D.W.V. 1980).

An independent trustee would shine light on Mortgage Debtor's business dealings and would efficiently and effectively steer Mortgage Debtor through either a refinance or sale of the Property. Whereas Mortgage Debtor and Jiang are inherently motivated by their own self-interest and desire for economic gain, an independent trustee's sole interest would be to maximize the value of Mortgage Debtor and its estate. Id. at 315; Eurospark Indus., 424 B.R. at 629. Given the foregoing, even if cause under Section 1104(a)(1) could not be established, the appointment of an independent trustee is nevertheless necessary pursuant to 11 U.S.C. § 1104(a)(2).

> **II.    MORTGAGE DEBTOR SHOULD BE DIRECTED TO: (I) DEPOSIT ALL RENTS GENERATED FROM THE PROPERTY, WHICH RENTS CONSTITUTE W FINANCIAL'S CASH COLLATERAL, INTO A SEGREGATED ACCOUNT; AND (II) PROVIDE AN ACCOUNTING OF ALL RENTS GENERATED TO DATE.**

Because W Financial commenced foreclosure proceedings and, in connection therewith, sought the appointment of a receiver pre-petition, W Financial's Assignment of Leases and Rents

is enforceable under New York law.  See S. Side House, LLC, 474 B.R. 391 (Bankr. E.D.N.Y. 2012) (finding an assignment of rents incorporated in a mortgage enforceable where the lender took steps pre-petition to enforce its rights thereunder); 641 Ave. of Americas Ltd. P'ship v. 641 Assocs., Ltd., 189 B.R. 583, 591 (S.D.N.Y. 1995) (citations omitted) (stating that an assignment of rents is enforceable "when the assignee takes affirmative steps to assert his rights, such as appointing a receiver to collect the rents, taking possession of the property, commencing foreclosure proceedings, or seeking an order for sequestration of rents").  Specifically, as a result of the Assignment of Leases and Rents, the rental revenue generated by the Property constitutes the lender's cash collateral.  See S. Side House, LLC, 474 B.R. at 411-12 (finding that although the lender had an "enforceable interest in the Rents, the Debtor retain[ed] a prepetition interest in the Rents sufficient to bring them into the estate," and that "the Rents [were] the Lender's cash collateral pursuant to the Assignment of Rents and Bankruptcy Code Sections 552(b) and 363(a)").

Mortgage Debtor may not use W Financial's cash collateral without W Financial's consent or a court order.  11 U.S.C. §363(c)(2); In re Vienna Park Properties, 976 F.2d 106 (2d Cir. 1992).  W Financial does not and will not consent to Mortgage Debtor's use of W Financial's cash collateral, and Mortgage Debtor has not made any application to utilize the cash collateral before this Court.  Accordingly, the Court should direct Mortgage Debtor to: (a) account for all income generated from the Property; and (b) deposit the cash collateral into a segregated account.

In addition, the Loan Documents require Mortgage Debtor to keep and maintain "adequate records and books of account . . . in accordance with generally accepted accounting principles" and require that such books and records be made available to W Financial for

10

examination. Since the Mortgage Loan was originated, Mortgage Debtor has never once turned over any rents to W Financial. Mortgage Debtor has also never provided W Financial with a rent roll for the Property. In light of the unauthorized tenancies, which will need to be addressed as part of any plan of reorganization, W Financial respectfully requests the Court compel Mortgage Debtor to produce an accounting of all monies generated from the Property since December 23, 2015 and provide a current rent roll for the Property.

## **CONCLUSION**

Mortgage Debtor has forfeited its right to remain in control of the Property during the pendency of this bankruptcy. Improper tenancies have been created, rents have vanished, and all the while Mortgage Debtor has not made a single debt service payment. The time has come to put a stop to such mismanagement and misconduct. For all of the foregoing reasons, W Financial respectfully requests this Court enter an Order: (A) appointing a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a); (B) directing Mortgage Debtor to deposit all rents generated from the Property, which rents constitute W Financial's cash collateral, into a segregated account; and (C) directing Mortgage Debtor to provide an accounting of rents generated to date.

DATED: New York, New York
           December 23, 2016

           Respectfully submitted,

           COLE SCHOTZ P.C.
           Attorneys for W Financial Fund LP

           By: */s/ Leo V. Leyva*
               Leo V. Leyva
               1325 Avenue of the Americas
               19th Floor
               New York, NY 10019
               Tel. (212) 752-8000

12

56075/0001-13931807v2
December 23, 2016